UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 23-06982-MWF (BFMx) | Date:  October 24, 2023 |
| Title: | Michael Chong Ku Walters et al v. General Motors LLC | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING PLAINTIFFS'S MOTION FOR REMAND [13] AND GRANTING DEFENDANT'S MOTION TO DISMISS [10]

Before the Court is Plaintiffs Michael Chong Ku Walters's and Amora Joy Carollo's Motion for Remand, filed on September 22, 2023.  (Docket No. 13).  Defendant General Motors LLC filed an Opposition on October 6, 2023, and Plaintiffs filed a Reply on the same day.  (Docket Nos. 19 and 20)

Also before the Court is Defendant's Motion to Dismiss Case for Failure to State a Claim, filed on September 13, 2023.  (Docket No. 10).  Plaintiffs filed an Opposition ("Opp. MTD") on September 25, 2023.  (Docket No. 15).  Defendant filed a Reply on October 2, 2023.  (Docket No. 16).

The Motions were noticed to be heard on **October 30, 2023**.  The Court has read and considered the papers on these Motions and deems the matters appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing is therefore **VACATED** and removed from the Court's calendar.

The Court rules as follows:

- The Motion for Remand is **DENIED**.  Plaintiffs fail to properly challenge the Defendant's Notice of Removal.

---

**CIVIL MINUTES—GENERAL**                                                                 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06982-MWF (BFMx)          Date:  October 24, 2023
Title:    Michael Chong Ku Walters et al v. General Motors LLC

- The Motion to Dismiss is **GRANTED** *with leave to amend*. Plaintiffs fail to allege fraud with enough specificity to satisfy Rule 9(b).

## I.  BACKGROUND

On July 21, 2023, Plaintiffs filed this action in San Luis Obispo County Superior Court, asserting that Defendant violated the Song-Beverly Consumer Warranty Act, committed fraud, and violated California's Business & Professions Code Section 17200.  (Notice of Removal ("NoR") (Docket No. 1); Complaint (Docket No. 1-1)).

Plaintiffs' claims arise from the purchase of a 2022 Chevrolet Bolt (the "Subject Vehicle") and Defendant's alleged failure to conform the vehicle to the applicable warranties after a reasonable number of repair attempts.  (Complaint ¶¶ 4, 7, 14).

## II.  LEGAL STANDARD

### A.  Motion for Remand

A motion to remand is the vehicle used to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *see* 28 U.S.C. § 1447(c).  In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction.  *See* 28 U.S.C. § 1441.

Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  The removing party has the burden to establish that it was proper to do so.  *Id.*  "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't. Remediation, L.L.C. v. Dep't of Health & Env't. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06982-MWF (BFMx)            Date:  October 24, 2023
Title:    Michael Chong Ku Walters et al v. General Motors LLC

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014)).  Therefore, the "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* (quoting *Dart Cherokee*, 574 U.S. at 89).

### B.     Motion to Dismiss – Rule 12(b)(6)

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal conclusions, even when disguised as facts.  *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (citation omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief.  *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06982-MWF (BFMx)　　　　　Date:  October 24, 2023
Title:　　Michael Chong Ku Walters et al v. General Motors LLC

### C.   Motion to Dismiss – Rule 9(b)

Fraud-based claims are governed by Rule 9(b).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (Rule 9(b) standard applies to California consumer protection claims, including under the CLRA and UCL).  "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge[.]"  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations omitted).  Under Rule 9(b), fraud allegations must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).  In other words, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  *Vess*, 317 F.3d at 1106.  Such averments must be specific enough to "give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  *Id*.  (quoting *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

Whereas allegations concerning the circumstances of fraud must include the "the who, what, when, where, and how of the misconduct charged," *Id.* (internal quotation marks and citations omitted), issues of "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).

## III.   DISCUSSION

### A.   Motion for Remand

Defendant removed the action under diversity jurisdiction.  Defendant states that (1) Plaintiffs are citizens of California; (2) Defendant is a limited liability company organized under the laws of Delaware, with its principal place of business in Michigan.  Additionally, Defendant has only one member, General Motors Holdings LLC, which is a limited liability company organized under the laws of Delaware, with its principal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-06982-MWF (BFMx)          **Date:** October 24, 2023
**Title:** Michael Chong Ku Walters et al v. General Motors LLC

place of business in Michigan; and (3) the amount in controversy is met because (a) Plaintiffs seek replacement of the Subject Vehicle, or restitution of the amount actually paid or payable under the purchase contract and the average manufacturer's suggested retail price is $32,765, (b) Plaintiffs claim entitlement to a civil penalty of two times their actual damages, (c) Plaintiffs seek recovery of attorney fees under the Song–Beverly Act which in these types of cases regularly approach or exceed $50,000, and (d) Plaintiffs have asserted claims for fraud and violation of Business & Professions Code Section 17200 and have demanded punitive damages. (NOR ¶¶ 11–12, 17–20).

Plaintiff argues that remand is appropriate because Defendant fails to carry its burden (1) establishing diversity of the parties' citizenship and (2) that the amount in controversy exceeds $75,000. (*See generally* Motion for Remand). However, Plaintiffs fail to properly challenge or even acknowledge Defendant's substantive arguments for removal as detailed in its NOR.

Accordingly, the Motion for Remand is **DENIED**.

### B.     Motion to Dismiss

Defendants move to dismiss Claims Four and Five of the Complaint (collectively, the "Fraud Claims"). (Motion to Dismiss at 1). Defendant argues that the Fraud Claims are defective and should be dismissed because (1) Plaintiffs failed to plead fraud with specificity — Plaintiffs did not present well-pleaded facts specifying the how, when, where, to whom, and by what means the alleged "fraud" occurred; (2) Plaintiffs failed to allege facts plausibly showing that Defendant knew of and intentionally misrepresented or concealed any material facts before Plaintiffs bought the vehicle; (3) Plaintiffs cannot base any fraudulent misrepresentation claim on Defendant's publication of EPA estimates; and (4) Plaintiffs' fraudulent concealment claims are barred by the economic loss rule and because Plaintiffs failed to allege a transactional relationship with Defendant so as to trigger any duty to disclose. (*Id.*)

Because the Court agrees with the first two reasons provided by Defendant, it does not need to reach the other two arguments. Additionally, Plaintiffs in their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 23-06982-MWF (BFMx) | **Date:** | October 24, 2023 |
| **Title:** | Michael Chong Ku Walters et al v. General Motors LLC | | |

Opposition to the Motion to Dismiss request that the Court grant them leave to amend their Complaint. (Opp. MTD at 6)

Accordingly, the Motion to Dismiss the Fraud Claims is **GRANTED** *with leave to amend*.

## IV. CONCLUSION

Accordingly, the Court rules as follows:

- The Motion for Remand is **DENIED**.

- The Motion to Dismiss is **GRANTED** *with leave to amend*.

Plaintiffs may file a First Amended Complaint ("FAC") by no later than **November 13, 2023**. Defendant shall file an Answer or respond to the FAC, if filed, by no later than **December 11, 2023**.

IT IS SO ORDERED.